IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>      Plaintiff, | Civil Action No. 04-1148 |
| vs. | Judge McVerry<br>Magistrate Judge Mitchell |
| NORWIN SCHOOL DISTRICT,<br>      Defendant and Third-Party Plaintiff, | |
| vs. | |
| SHOFF CONSTRUCTION AND DESIGN, INC. and FOREMAN PROGRAM & CONSTRUCTION MANAGERS, INC.,<br>      Third-Party Defendants. | |

### MEMORANDUM ORDER

Plaintiff, Great American Insurance Company ("Great American"), brought this action against Defendant, Norwin School District ("Norwin"), arising out of Norwin's failure to obtain Great American's consent prior to paying a contractor and its retainage of certain fees in connection with two construction projects for which Great American served as surety. Norwin filed a counterclaim against Great American and a third-party complaint against both the contractor, Shoff Construction & Design, Inc. ("Shoff") and the construction manager, Foreman Program & Construction Managers, Inc. ("Foreman"). Shoff and Foreman filed cross-claims against each other and Shoff filed a counterclaim against Norwin.

On November 30, 2005, four motions for summary judgment were filed. On March 20, 2006, the Court entered an Order (Docket No. 79) that adopted a Report and Recommendation filed on February 13, 2006 (Docket No. 71) and yielded the following results: 1) the motion for

summary judgment filed by Great American (Docket No. 43) was granted; 2) the motion for summary judgment filed by Shoff as to the cross-claims filed against it by Foreman (Docket No. 48) was granted; 3) the motion for summary judgment filed by Norwin against Foreman (Docket No. 49) was granted as to Counts V and VII of the Third-Party Complaint (the breach of contract claims) and denied with respect to Counts VI and VIII (the negligence claims); and 4) the motion for summary judgment filed by Foreman (Docket No. 53) was granted with respect to Counts VI and VIII of the Third-Party Complaint and denied as to Counts V and VII. The following claims remained for disposition: 1) Norwin's claims against Shoff (Counts I-IV of the Third-Party Complaint); 2) Shoff's counterclaim against Norwin; and 3) Shoff's cross-claim against Foreman.

Presently pending before the Court are the following motions. Great American and Norwin have both filed motions for judgment (Docket Nos. 85, 89). Foreman has filed a motion for leave to file an amendment to its answer to the Third-Party Complaint to assert additional affirmative defenses (Docket No. 91) and a motion for a hearing on this motion (Docket No. 97). Norwin and Shoff have filed a joint motion to withdraw their remaining claims (Docket No. 92). Finally, Foreman has filed a pleading captioned "Counter-Motion to Norwin's Motion for Entry of Judgment" (Docket No. 99), which is actually a request for the Court to vacate the Order (Docket No. 79) adopting the Report and Recommendation (Docket No. 71) and granting and denying the four motions for summary judgment as summarized above and to dismiss all claims against Foreman with prejudice.

<u>Foreman's Motions</u>

Foreman's motions are based upon an Agreement, signed by Great American, Norwin

and Shoff on December 15, 2005 but not revealed to Foreman until April 18, 2006, in which these parties settled certain claims and made certain promises and arrangements in this case. Foreman characterizes this Agreement as a "Mary Carter agreement"[1] and contends that the failure of the parties to reveal its existence to the Court or to Foreman subjected Foreman to prejudice in two respects: 1) it prevented Foreman from advancing additional affirmative defenses to Norwin's Third-Party Complaint; and 2) it extinguished Norwin's liability to Great American and thereby precludes Norwin from seeking indemnification from Foreman for amounts it would never have to pay. Foreman requests leave to amend its answer to the Third-Party Complaint to include new affirmative defenses, asks for a hearing on this motion, and moves the Court to vacate its Order granting summary judgment for Great American and for Norwin as against Foreman on Norwin's breach of contract claims and to dismiss Norwin's claims against it with prejudice.

Great American and Norwin respond that: 1) Foreman's liability to Norwin is based on breach of contract, not indemnification, and therefore the Agreement does not alter the result; 2) Foreman's request to amend its affirmative defenses is futile; and 3) Foreman's arguments were already presented to and rejected by the Court.

The Pennsylvania Supreme Court has stated that:

> The eponymous "Mary Carter agreements" arise when, in a setting of multiple defendants, one or more, but less than all, of the defendants reach an agreement with the plaintiff, but wish to retain some interest in the outcome of the litigation. Although there are as many variations as there are creative lawyers, these agreements usually have the following features:
> (1) the agreeing defendant(s) guarantees the plaintiff a minimum payment, often

---

[1] See Booth v. Mary Carter Paint Co., 202 So.2d 8 (Fla. 1967), rejected by Ward v. Ochoa, 284 So.2d 385 (Fla. 1973).

>     the limit of defendant's liability insurance;
>     (2) the plaintiff agrees not to enforce against the agreeing defendant(s) any subsequent judgments;
>     (3) the agreeing defendant(s) remains a part of the action and payments to plaintiff are reduced if money is recovered, by settlement or judgment, from the non-agreeing defendant(s); and
>     (4) the agreement is "secret" in that there is an understanding that it will not be disclosed unless required by rules of court or a court of competent jurisdiction.

Hatfield v. Continental Imports, Inc., 610 A.2d 446, 448-49 (Pa. 1992) (footnote omitted). In Hatfield, the Pennsylvania Supreme Court did not hold that "Mary Carter agreements" are void as against public policy, but held only that their existence should be disclosed to the jury at a trial to allow the trier of fact to take into consideration the possible bias of the agreeing defendant insofar as that party testifies in a manner adverse to the non-agreeing defendant.

In the Agreement, Norwin acknowledges that it has no defenses to Great American's claim and agrees not to contest $467,342.06, together with interest, claimed by Great American as damages. Norwin also agrees not to contest Great American's motion for summary judgment on the ground that Norwin's claims under the maintenance bonds were untimely. Shoff agrees to undertaken certain corrective measures on the two projects. Paragraph six of the Agreement, which Foreman contends is the most incriminating, states as follows:

>     In the event that GAIC procures a judgment against Norwin (the "Norwin Judgment") and Norwin is unable to obtain a judgment against Foreman and collect on the same after having cooperated fully with GAIC in the Litigation and used its best efforts and exhausted all avenues of recovery, including appeal(s), GAIC agrees to satisfy of record the Norwin Judgment upon the occurrence of one of the following: (1) the expiration of sixty days after the entry of a final, non-appealable judgment in favor of Foreman; or (2) the expiration of sixty days after Foreman establishes, to the satisfaction of GAIC, that Foreman and its insurance carrier are unable to any the amount of any judgment entered in favor of Norwin on Norwin's claims against Foreman in this Litigation.

(Docket No. 91 Ex. A ¶ 6.) Thus, this paragraph appears to say that, in the event Foreman cannot

satisfy a judgment entered against it and in favor of Norwin, Great American will satisfy the judgment. Other than being kept "secret" from Foreman, the Agreement in this case does not have the features of a "Mary Carter agreement." In addition, Norwin and Foreman are not co-defendants in this action, but adversaries. Thus, even in a trial of this case, Norwin would not be presenting the trier of fact with testimony that was possibly biased against Foreman because of a secret understanding with Great American (its ostensible adversary). Rather, the trier of fact would already expect Norwin's testimony to be unfavorable to Foreman because Norwin alleges that Foreman is liable to it for money damages.

Summary judgment was not entered in Great American's favor and against Norwin because Norwin did not respond to the motion for summary judgment, nor was judgment entered in Norwin's favor and against Foreman because of the Agreement (which the Court was unaware of) or any actions or omission taken by the parties as a result of the Agreement. Rather, the Court concluded that summary judgment was appropriate based on the facts and the law. In addition, because Foreman's liability to Norwin is based on Foreman's breaches of its contractual obligations and not on a theory of indemnification, the provisions of the Agreement would not have made any difference in this case.

Foreman argues that the Agreement precluded it from raising affirmative defenses. However, many of the defenses it proposes to raise were actually raised in its summary judgment documents and were rejected: Great American cannot recovery statutory damages, interest or attorney's fees under the Public Contractor and Subcontractor Payment Act, final payment was not released on the Sheridan Project, Norwin failed to obtain the architect's signature before making final payment on the Hillcrest Project, Norwin failed to prosecute claims against Shoff,

Norwin has no right to recover as Great American has no right to recover, Norwin failed to mitigate damages and is in breach of contract.

In determining whether to allow amendment of a pleading, "a trial court may consider whether the amendment would be futile." Walton v. Mental Health Ass'n of Southeastern Pa., 168 F.3d 661, 665 (3d Cir. 1999) (citation omitted). Foreman's proposed amendment to its answer to the Third-Party Complaint would be futile.

Motions for Entry of Judgment

Great American has filed a motion for entry of judgment, seeking $467,342.06 (consisting of damages of $186,578.70 on the Sheridan Terrace Elementary School Project and damages of $280,763.36 on the Hillcrest Intermediate School Project), together with 623 days of interest calculated at $40,752.22 pursuant to the Public Contractor and Subcontractor Payment Act, a penalty of 1% per month under the Act or $93,468.40 and attorney's fees and costs under the Act of $99,893.70, or a total of $701,456.38. Norwin has also filed a motion for entry of judgment, seeking these same amounts from Foreman.

Norwin has filed a response (Docket No. 108) indicating that it does not contest the amounts sought by Great American, so long as the Court enters a reciprocal judgment in its favor and against Foreman. As discussed below, Norwin has not demonstrated that it is entitled to recover these amounts from Foreman. Norwin does not have the right to condition its consent upon an action taken by the Court. Great American's motion will be considered by the Court if and when Norwin unconditionally consents to the entry of judgment against it.

Foreman disputes the damages claimed against it by Norwin. Great American and Norwin argue that Foreman is liable over to Norwin for the amount that Norwin owes Great

6

American. However, the Court has not determined what the amount is that Norwin owes Great American and, even if they were to unequivocally agree upon an amount, such an agreement would not be binding upon a third party. Moreover, that argument appears to be based on an indemnity theory which, as explained above, is not the basis for Foreman's liability. Norwin's motion for judgment will be dismissed as premature.

<u>Joint Motion to Withdraw Claims</u>

Norwin moves to withdraw its claims against Shoff (Counts I-IV of the Third-Party Complaint) and Shoff moves to withdraw its counterclaim against Norwin and its cross-claim against Foreman. This motion will be granted.

AND NOW, this 8th day of June, 2006,

IT IS ORDERED that the motion for judgment filed by Defendant, Norwin School District (Docket No. 89), is dismissed as premature.

IT IS FURTHER ORDERED that the motion for leave to file amendment to affirmative defenses filed by Third-Party Defendant Foreman Program & Construction Managers, Inc. (Docket No. 91) is denied with respect to the issue of liability.

IT IS FURTHER ORDERED that the joint motion to withdraw claims filed by Defendant, Norwin School District, and Third-Party Defendant Shoff Construction & Design, Inc. (Docket No. 92) is granted.

IT IS FURTHER ORDERED that the motion for a hearing filed by Third-Party Defendant Foreman Program & Construction Managers, Inc. (Docket No. 97) is denied.

IT IS FURTHER ORDERED that the Counter-Motion to Norwin's Motion for Entry of Judgment filed by Third-Party Defendant Foreman Program & Construction Managers,

Inc. (Docket No. 99) is denied on the ground that the issue of liability has been established and all that remains to be determined is the amount of damages.

                                                    s/Robert C. Mitchell
                                                    ROBERT C. MITCHELL
                                                    United States Magistrate Judge

cc:    Amy Bentz
       James W. Bentz
       Bentz Law Firm
       680 Washington Road, Suite 200
       Pittsburgh, PA 15228

       David Raves
       Jennifer L. Cerce
       Maiello, Brungo & Maiello
       3301 McGrady Road
       One Churchill Park
       Pittsburgh, PA 15235

       Joseph H. Bucci
       Ross A. Giorgianni
       Metz Lewis
       11 Stanwix Street
       18th Floor
       Pittsburgh, PA 15222

       Mark J. Gesk
       Kevin M. Eddy
       Richard L. McMillan
       Wayman, Irvin & McAuley
       1624 Frick Building
       437 Grant Street
       Pittsburgh, PA 15219

       W. David Slomski
       Slomski, Caruso & Associates
       411 Seventh Avenue
       Suite 1400A
       Pittsburgh, PA 15219