IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) | Civil Action No. 04-1148 |
| Plaintiff, | ) ) | |
| vs. | ) ) | Judge McVerry |
| | ) | Magistrate Judge Mitchell |
| NORWIN SCHOOL DISTRICT, | ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SHOFF CONSTRUCTION AND DESIGN, INC. and FOREMAN PROGRAM & CONSTRUCTION MANAGERS, INC., | ) ) ) | |
| Third-Party Defendants. | ) | |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the motion for summary judgment submitted on behalf of Third-Party Plaintiff, Norwin School District (Docket No. 127), be denied.

II.   Report

Plaintiff, Great American Insurance Company ("Great American"), brought this action against Defendant, Norwin School District ("Norwin"), arising out of Norwin's failure to obtain Plaintiff's consent prior to paying a contractor and its retainage of certain fees in connection with two construction projects for which Great American served as surety. Defendant filed a counterclaim against Great American and a third-party complaint against both the contractor, Shoff Construction & Design, Inc. ("Shoff") and the construction manager, Foreman Program & Construction Managers, Inc. ("Foreman"). Shoff and Foreman filed cross-claims against each

other and Shoff filed a counterclaim against Norwin.

On March 20, 2006, the Court entered an order (Docket No. 79) granting Plaintiff's motion for summary judgment, and granting in part and denying in part motions for summary judgment that had been filed by Norwin and Foreman, adopting a Report and Recommendation filed on February 13, 2006 (Docket No. 71).  Subsequently, Norwin and Shoff withdrew their claims against each other and Shoff withdrew its cross-claim against Foreman (Docket Nos. 92, 109).  Thus, the only claim that remains in this case is the third-party claim by Norwin against Foreman.  With respect to this claim, Foreman's liability has been established and the only remaining issue is the amount of damages, if any, that Foreman owes to Norwin.

On April 19, 2006 Norwin filed a motion for judgment (Docket No. 89) and on May 16, 2006, Foreman filed a motion to dismiss (Docket No. 99).  In an order dated June 8, 2006 (Docket No. 109), the Court dismissed Norwin's motion as premature and denied Foreman's motion, because the amount of damages owed by Foreman to Norwin had yet to be determined.  Norwin then filed an amended motion for judgment (Docket No. 113), which was dismissed by order dated June 22, 2006 (Docket No. 116).  On September 1, 2006, the Court entered an order granting Great American's Amended Motion for Entry of Judgment against Norwin in the amount of $467,342.05, together with prejudgment interest at the statutory rate of six percent per annum from July 1, 2004 through the date of judgment (Docket No. 125).

Presently before the Court is a motion for summary judgment on damages, filed by Norwin on October 13, 2006.  Norwin argues again that the amount of damages due to it by Foreman is the amount of the judgment entered against it on the claims asserted by Great American, namely $467,342.05.  It contends that there is no genuine issue of material fact that

this sum represents the amount Norwin paid to Shoff in reliance on Foreman's certifications and that it will have to be paid again to Great American as a result of the judgment entered against it.

Foreman responds that the Court has already held that the amount it might owe to Norwin is not based upon the amount that Norwin consented to pay Great American. It further argues that Norwin's representative, Superintendent Dr. John C. Boylan, testified that it was his understanding that Norwin will not be making any payment to Great American. (Boylan Dep. at 13-14, 26-28.)[1] Thus, Foreman argues that the judgment is a paper one only.

The Pennsylvania Supreme Court has held that "the plaintiff in an action for breach of contract has the burden of proving damages resulting from the breach." <u>Spang & Co. v. United States Steel Corp.</u>, 545 A.2d 861, 866 (Pa. 1988) (citations omitted). Thus, as the third-party plaintiff, Norwin bears the burden of demonstrating that Foreman is responsible to it for damages in a certain amount.

Norwin cannot sustain this burden by referring to a judgment entered against it, with its consent, by Great American. Although Great American and Norwin can agree to Norwin's liability, such an agreement is not binding on third parties. Nor can Norwin succeed by proffering an agreement reached between other parties when Foreman has presented testimony that Norwin will not be making payments to Great American as a result of this agreement.

There remains a genuine issue of material fact as to the amount, if any, of damages that Foreman owes to Norwin. Because the parties appear unable to reach an agreement as to this issue, the matter must be submitted to a trier of fact to be resolved. Thus, Norwin's motion for summary judgment on the issue of damages should be denied.

---

[1] Foreman Resp. (Docket No. 131) Ex. 2.

Therefore, it is recommended that the motion for summary judgment submitted on behalf of Third-Party Plaintiff, Norwin School District (Docket No. 127), be denied.

Within thirteen (13) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    s/Robert C. Mitchell
    ROBERT C. MITCHELL
    United States Magistrate Judge

Dated: November 13, 2006