IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) | Civil Action No. 04-1148 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NORWIN SCHOOL DISTRICT, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SHOFF CONSTRUCTION & DESIGN INC. and FOREMAN PROGRAM & CONSTRUCTION MANAGERS, INC., | ) ) ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court for disposition are numerous motions in limine: Norwin School District's ("Norwin") MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PARTIAL SETTLEMENT AGREEMENT (Document No. 143), Norwin's MOTION IN LIMINE TO EXCLUDE FROM TRIAL ALL EVIDENCE EXCEPT THAT EVIDENCE REGARDING THE DOLLAR AMOUNT OF FUNDS IMPROPERLY RELEASED (Document No. 145), Foreman Program & Construction Managers, Inc.'s ("Foreman") MOTION IN LIMINE TO BAR NORWIN SCHOOL DISTRICT, ITS ATTORNEYS AND REPRESENTATIVES FROM INTRODUCING AT TRIAL ANY SUGGESTION, REPRESENTATION OR EVIDENCE PERTAINING TO ANY INSURANCE COVERAGE MAINTAINED BY FOREMAN (Document No. 147), and Foreman's MOTION IN LIMINE BARRING ANY REFERENCE TO THE ITEMS REFERRED TO AS EXHIBITS 1 THROUGH 25 IN NORWIN'S PRE-TRIAL

NARRATIVE STATEMENT AND SUPPLEMENTAL PRE-TRIAL STATEMENT OR ANY TESTIMONY OR OTHER EVIDENCE OF ANY SORT CONCERNING OR REFERRING TO THE JUDGMENT OBTAINED BY GREAT AMERICAN AGAINST NORWIN OR ANY EVIDENCE OF ANY SORT REFERRING TO THE UNDERLYING RENOVATION PROJECTS THAT WERE COMPLETED BY SHOFF AND ACCEPTED BY NORWIN (Document No. 148).  The motions have been thoroughly briefed and are ripe for resolution.

Background

This case arose out of two school construction projects.  The original plaintiff, Great American Insurance Company ("Great American"), was the surety for the contractor on the project, Shoff Construction and Design, Inc. ("Shoff").  Great American sued Norwin for breach of contract due to Norwin's failure to obtain the consent of Great American prior to paying contract retainage amounts to Shoff.  Norwin then filed a third-party complaint against Shoff as contractor and Foreman, as the construction manager for the projects.

In light of the Court's prior rulings on other pretrial motions, the issues in dispute are very narrow.  The only remaining claim is Norwin's third-party claim against Foreman.  The Court has ruled that Foreman is liable for breach of contract because it wrongfully authorized Norwin to release contract retainage funds to Shoff, which had the effect of depriving Great American of security for payments it made as Shoff's surety.  The Court has previously explained that "Foreman's liability has been established and the only remaining issue is the amount of damages, if any, that Foreman owes to Norwin."  Report and Recommendation dated November 13, 2006 at 2.

On December 15, 2005, Norwin and Great American entered into a partial settlement agreement. Norwin agreed not to contest the fact that the retainage amount of $467,342.05 was improperly released to Shoff and agreed not to oppose Great American's motion for summary judgment on the maintenance bond claims regarding construction defects or necessary repairs. In return, Norwin obtained a commitment from Shoff to make certain repairs on the Project and Great American agreed to forbear from execution on any judgment it obtained against the school district if Norwin was unable to obtain a judgment against Foreman or if Foreman and its insurer were unable to pay any such judgment.

Upon learning of the settlement agreement, Foreman attempted to argue that Norwin would be unable to establish any damages. The Court rejected Foreman's argument. In its Report and Recommendation dated June 8, 2006, the Court stated that the Norwin-Great American settlement did not substantively affect the entry of summary judgment in favor of Great American. Rather, "summary judgment was appropriate based on the facts and the law." *Id.* at 5. In particular, the Court explained that because Foreman's liability was based on breach of contract rather than indemnity, "the provisions of the Agreement would not have made any difference in this case." *Id.* Indeed, the Court was not even aware of the settlement at the time it entered summary judgment. The Court noted that it had previously rejected many of Foreman's arguments and denied as futile Foreman's request to amend its answer based on the settlement agreement. *Id.*

On September 1, 2006, the Court entered judgment in favor of Great American and against Norwin in the amount of $467,342.05, plus interest. Norwin then filed a motion for summary judgment on damages, contending that the amount of its damages, ipso facto, equals the amount of the judgment entered against it on the claims asserted by Great American, namely

$467,342.05.  That summary judgment motion was denied.  The Magistrate Judge's Report and Recommendation, which was adopted by this Court on December 7, 2006, stated that Norwin bears the burden of demonstrating that Foreman is responsible to it for damages and that Norwin cannot sustain this burden merely by referring to the consent judgment with Great American.  Further, the Court explained that Norwin cannot succeed by simply proffering a settlement agreement that is not binding on Foreman,  in which Norwin will not be making payments to Great American as a result of the agreement.  Thus, the Court determined that a genuine issue of material fact regarding Norwin's damages remains for trial.

## Discussion

The parties' motions in limine, with one exception, relate to the same issue and will be addressed together.[1]  In essence, the parties disagree on the effect of the Court's prior rulings and disagree as to the issue to be presented to the jury.  Norwin contends that the only issue to be presented to the jury is the amount of retainage funds which were improperly released to Shoff.  Foreman contends that the only issue to be presented to the jury is whether Norwin has suffered any actual damages as a result of Foreman's breach of contract, and the amount, if any, of such damages.  The Court's prior opinions have been less than precise in drawing the applicable guidelines and the positions of both parties find some support in our earlier rulings.  The pending motions in limine and the impending trial date have brought the issues into sharp focus.

---

[1] The motion regarding Foreman's insurance coverage will be addressed separately.

It is clear that Great American's original lawsuit against Norwin was for breach of contract due to Norwin's improper release of retainage funds to Shoff. It has now been established that Norwin is liable to Great American for that breach of contract and a judgment in the amount of $467,342.05 has been entered against Norwin. In turn, Foreman's liability to Norwin for breach of the construction management contract has also been established because Foreman certified the release of retainage funds to Shoff without having secured the consent of the surety, Great American. Thus, the only remaining issue is the amount of Norwin's damages. The complicating factor in this case is the effect, if any, of Norwin's settlement agreement with Great American.

1.  General Damages Principles

Foreman's liability to Norwin is based on breach of contract, and not on a duty to indemnify. Report and Recommendation dated June 8, 2006 at 3. Thus, Norwin is not required to establish that it has paid Great American as part of its prima facie case. The Third Circuit recently approved the following jury instruction on the measure of damages for breach of contract under Pennsylvania law:

> The preferred method under the law of contract damages is to protect the injured party's expectation. This means that damages should be designed to place the party in the same position it would have been if the contract had been performed. To this end, expectation damages are measured by the losses caused and the gains prevented by a defendant's breach of contract, to the extent that they are in excess of any savings made by possible nonperformance.

*Diversified Packing and Devp. Corp. v. Dore & Assoc. Contracting, Inc.*, 48 Fed. Appx. 392, 399 (3d Cir. 2002) (unpublished) (citing Restatement (Second) of Contracts § 347; *ATACS v.*

*Trans World Communications*, 155 F.3d 659, 669 (3d Cir. 1998)). Applying this standard to the instant case, Norwin could have reasonably expected that its release of retainage funds, at Foreman's direction, would not expose it to a breach of contract action by a surety such as Great American. Had Foreman properly performed its duties under the construction management contract, Norwin would not now be subject to a judgment. To put Norwin in the same position that it would have been had Foreman performed properly, the Great American judgment against Norwin must be satisfied.

The parties have not cited case law which discusses whether the entry of a judgment, standing alone, establishes a claim for damages. Based on its own independent research, the Court has found two cases that speak directly to the instant legal issue, albeit in different factual contexts. The Court concludes that the entry of judgment against Norwin is sufficient evidence of its damages. In *Ammon v. McCloskey*, 655 A.2d 549, 552 (Pa. Super. 1995) (involving an attorney malpractice claim), the trial court held that "the judgment entered against the client-assignor as a result of his lawyer's negligence constituted proof of actual damages and allowed the plaintiff-assignee to recover [the amount of the judgment.]" The Superior Court affirmed, holding that "the trial court did not err when it required no further proof of economic harm than the entry of judgment against the client." *Id.* at 553. In reaching its conclusion, the Superior Court cited to the decision of the Pennsylvania Supreme Court in *Gray v. Nationwide Mutual Ins. Co.*, 223 A.2d 8 (Pa. 1966) (involving an insurer bad faith claim). In *Gray*, the Supreme Court held that it was not necessary for the insured to pay a judgment in excess of policy limits in order to maintain a bad faith claim against the insurer. As one basis for its conclusion, the Court explained that "the fact of entry of the judgment itself against the insured constitutes a real

6

damage to him because of the potential harm to his credit rating." *Id.* at 10.  In *Ammon*, the Superior Court noted that the judgment entered against the plaintiff in that case "constitutes no less a real damage than the entry of a judgment against an insured." 655 A.2d at 553.  The Court concludes that the entry of a judgment against Norwin is "no less real" than that entered in *Ammon* or *Gray*.  Thus, it is not necessary for Norwin to actually pay the judgment to suffer "actual damages" or to maintain its damages claim against Foreman.

2.  Admissibility of Settlement Agreement With Great American

As noted above, Norwin and Great American entered into a partial settlement agreement in December 2005.  The key provision, for the purpose of the present dispute, is Great American's agreement to waive collection of its judgment against Norwin if Norwin is unable to obtain a judgment against Foreman or if Foreman and its insurer are financially unable to satisfy a judgment.

The Court finds that the Norwin-Great American partial settlement agreement is ultimately irrelevant to the merits of the instant dispute. In its June 8, 2006 Report and Recommendation, the Court stated that the Norwin-Great American settlement did not make any difference as to the entry of summary judgment because Foreman's liability was based on breach of contract rather than indemnity.  Indeed, the Court rejected as futile Foreman's request to amend its answer to assert claims based on the settlement agreement similar to those it seeks to raise now.  *Id.*  The settlement agreement does nothing to release Foreman from liability.  Nor does the partial settlement agreement reduce or eliminate Norwin's liability.   Contrary to Foreman's contention, it is not simply a "paper judgment."  If Foreman pays a judgment to

7

Norwin, Norwin must in turn satisfy the judgment obtained by Great American.  In essence, the partial settlement agreement shifts the risk of delays in, and the success of, this litigation from Norwin to Great American.  It is similar to a "pay if paid" clause, which is enforceable under Pennsylvania law.  *See LBL Skysystems (USA), Inc. v. APG America, Inc.*, 2005 WL 2140240 (E.D. Pa. 2005) ("pay if paid" clauses merely create a timing mechanism).  The settlement simply does not affect the merits of this case.  It does nothing to change Foreman's liability or Norwin's damages and it certainly does not provide Foreman with an excuse to avoid the consequences of its own breach.

Foreman's argument that Norwin will somehow receive a windfall is also wrong.  Norwin is not now "whole," because it is subject to an outstanding judgment for $467,342.05.  *See Ammon; Gray*.  The party that apparently did receive a windfall, Shoff, did so due to Foreman's breach of contract.  Until now, Great American has borne the brunt of Foreman's error, while Foreman has escaped the consequences of its own mistake.  If Norwin succeeds in obtaining and satisfying a judgment against Foreman, Norwin will be obligated to repay all such amounts to Great American.  Thus, in due course, Great American and Norwin will be made "whole," and Foreman will bear the financial consequences of its error.

However, the Court's conclusion that Norwin may prove its damages by pointing to the judgment does not obviate the need for trial.  The Court agrees with Foreman that Foreman is entitled to present evidence of Norwin's failure to mitigate damages.  In particular, Foreman points to the possibility of reducing damages for monies paid by Great American to its broker and for the value of collateral taken by Great American from Shoff.  Foreman further argues that Norwin should not have discontinued its claims against Shoff.  Norwin notes that it evaluated

these issues prior to deciding to enter into the settlement agreement. Foreman will have the burden to prove Norwin's alleged failure to mitigate. *Delliponti v. DeAngelis*, 681 A.2d 1261, 1265 (Pa. 1996).

       3.      Foreman's Insurance Coverage

Foreman contends that evidence regarding its insurance coverage is irrelevant and thus inadmissible pursuant to Federal Rules of Evidence 402 and 403. Norwin responds that if Foreman is prevented from offering evidence of the partial settlement agreement to argue that Norwin did not sustain any damages, then the school district would agree not to offer evidence of Foreman's insurance coverage.

The Court typically disapproves of conditional positions, such as articulated by Norwin. However, in this instance, the Court recognizes that insurance coverage may become relevant if the settlement agreement had been admissible. The Court has largely agreed with Norwin's position regarding the admissibility of the settlement agreement, and therefore, Norwin will be held to its representation that it will not offer evidence regarding Foreman's insurance coverage. Moreover, the Court concludes that Foreman's insurance coverage is irrelevant to the issues remaining in this case. Accordingly, Foreman's motion in limine will be granted.

## CONCLUSION

In summary, the Court concludes as follows: (1) neither party shall be permitted to introduce into evidence the December 15, 2005 settlement agreement between Great American and Norwin; (2) Norwin will be permitted to introduce evidence of the judgment against it in

favor of Great American and evidence of the retainage amounts paid to Shoff in order to establish its damages; (3) Foreman will not be permitted to argue that Norwin has not suffered any damages; (4) Foreman will be permitted to present evidence that Norwin failed to mitigate its damages; and (5) Norwin will not be permitted to present evidence regarding Foreman's insurance coverage.

In accordance with the foregoing, Norwin's MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PARTIAL SETTLEMENT AGREEMENT (Document No. 143) is **GRANTED;** Norwin's MOTION IN LIMINE TO EXCLUDE FROM TRIAL ALL EVIDENCE EXCEPT THAT EVIDENCE REGARDING THE DOLLAR AMOUNT OF FUNDS IMPROPERLY RELEASED (Document No. 145) is **DENIED;** Foreman's MOTION IN LIMINE TO BAR NORWIN SCHOOL DISTRICT, ITS ATTORNEYS AND REPRESENTATIVES FROM INTRODUCING AT TRIAL ANY SUGGESTION, REPRESENTATION OR EVIDENCE PERTAINING TO ANY INSURANCE COVERAGE MAINTAINED BY FOREMAN (Document No. 147) is **GRANTED;** and Foreman's MOTION IN LIMINE BARRING ANY REFERENCE TO THE ITEMS REFERRED TO AS EXHIBITS 1 THROUGH 25 IN NORWIN'S PRE-TRIAL NARRATIVE STATEMENT AND SUPPLEMENTAL PRE-TRIAL STATEMENT OR ANY TESTIMONY OR OTHER EVIDENCE OF ANY SORT CONCERNING OR REFERRING TO THE JUDGMENT OBTAINED BY GREAT AMERICAN AGAINST NORWIN OR ANY EVIDENCE OF ANY SORT REFERRING TO THE UNDERLYING RENOVATION PROJECTS THAT WERE COMPLETED BY SHOFF AND ACCEPTED BY NORWIN (Document No. 148) is **DENIED**.

So Ordered this 5th day of April, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc:   Amy E. Bentz, Esquire
Email: aebentz@bentzlaw.com

James W. Bentz, Esquire
Email: jwbentz@bentzlaw.com

David Raves, Esquire
Email: dr@mbm-law.net

Jennifer L. Cerce, Esquire
Email: jlc@mbm-law.net

W. David Slomski, Esquire
Email: dslomski@slomskicaruso.com

Joseph H. Bucci, Esquire
Email: jbucci@metzlewis.com

Ross A. Giorgianni, Esquire
Email: rgiorgianni@metzlewis.com

Mark J. Gesk, Esquire
Email: mgesk@waymanlaw.com

Kevin M. Eddy, Esquire
Email: keddy@waymanlaw.com

Richard L. McMillan, Esquire
Email: rmcmillan@waymanlaw.com